UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 20-20325-CIV-MORENO

JEAN MENAGER, JR.,

    Petitioner,

vs.

U.S. ATTORNEY GENERAL,

    Respondent.
_____/

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

THIS CAUSE came before the Court upon Petitioner's Emergency Motion for Stay of Deportation **(D.E. 1)**, filed on **January 27, 2020**. THE COURT has considered the motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the case is DISMISSED for lack of jurisdiction. Petitioner Jean Menager, Jr. moves for an emergency stay of his removal, challenging his detention and imminent removal by the Department of Homeland Security. Petitioner notes that he has unsuccessfully appealed the removal order to the Board of Immigration Appeals, and has recently filed an "appeal to the 11th Circuit on 1/20/2020." Now, he is filing the instant emergency motion in this Court.

Pursuant to federal law, Petitioner may not challenge his deportation in this Court. Instead, he may only challenge it by appealing to the Eleventh Circuit Court of Appeals—just as he writes he already has. By seeking a stay of his removal, Petitioner is challenging the lawfulness and enforcement of the removal order. The Immigration and Nationality Act was amended in 2005 to limit the jurisdiction of United States District Courts to review orders of removal. Specifically, the Immigration and Nationality Act includes a new subsection (5) to 8 U.S.C. § 1252(a), which provides that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including

section 2241 of Title 28, or any other habeas corpus provision . . . *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal.*" 8 U.S.C. § 1252(a)(5) (emphasis added). *See also Diaz Del Cid v. Barr*, 394 F. Supp. 3d 1342, 1345-46 (S.D. Fla. 2019) (similar); *Majano Garcia v. Martin*, 379 F. Supp. 3d 1301, 1304-06 (S.D. Fla. 2018) (similar). Another provision of the Immigration and Nationality Act also demonstrates that jurisdiction to review challenges to removal orders is reserved solely for the appropriate United States Court of Appeals. *See* 8 U.S.C. § 1252(b)(2) ("*The petition for review shall be filed with the court of appeals* for the judicial circuit in which the immigration judge completed the proceedings.") (emphasis added).

Based on the above, the Court lacks jurisdiction to entertain Petitioner's emergency motion. Accordingly, the case is DISMISSED. "[A] petition for review [of a decision of the Board of Immigration Appeals] filed with the appropriate court [of appeals] is now an alien's exclusive means of review of a removal order." *Alexandre v. U.S. Att'y Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006). Rather than seeking a stay of deportation in this Court, Petitioner should continue his efforts to challenge the removal order in the Eleventh Circuit Court of Appeals.

DONE AND ORDERED in Chambers at Miami, Florida, this 27 of January 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Jean Menager, Jr.
215-576-897
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE